■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN BRABSON, Appellant.— Order unanimously reversed, without costs of this appeal to either party and matter remitted to Erie Special Term for further proceedings in accordance with the memorandum. Memorandum: It was error to dismiss the petition (*Matter of Harris* v. *New York State Bd. of Parole,* 7 A D 2d 662). In the interest of justice and to avoid further delay we look upon and treat this petition as a verified petition as required by 7804 (e) CPLR. The respondent may file its answer including therein any objections in point of law in accordance with 7804 (f) CPLR within 20 days. The matter is remitted to Special Term to determine any factual issues raised by the answer as well as the legal problems raised, if any. (Appeal from order of Erie Trial Term denying, without a hearing, application for a show cause order directing respondent to show cause why petitioner is not afforded proper medical treatment.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES W. MONAHAN, Respondent.— Appeal unanimously dismissed on the ground that the order is not appealable. (See Code Crim. Pro., § 518, subd. 4.) (Appeal by People from order of Monroe County Court granting a hearing upon application for issuance of a writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ CHISHOLM-RYDER COMPANY, INC., Respondent, v. STATE OF NEW YORK et al., Appellants.— Case held, decision reserved, and matter remitted to the Trial Judge for further proceedings in accordance with the memorandum. Upon the making of such findings the case is directed to be restored to the calendar of this court. Memorandum: The award was made in one sum. It included taxes paid by the claimant during the period of the temporary easement. The State stipulated that claimant was entitled to reimbursement for these taxes as part of the award. The decision of the court makes it clear that the award also included an allowance for reasonable rental and a sum for the reduced value of the property by reason of the installations left thereon by the State. Separate findings should be made as to the amount awarded for each of these elements. (See *Wineburgh* v. *State of New York,* 20 A D 2d 961.) (Appeal from judgment of Court of Claims for claimant on a claim for damages resulting from temporary appropriation of realty.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.